**O'HAGAN MEYER**
ANTHONY C. OCEGUERA, SB# 259117
  E-Mail:  Aoceguera@ohaganmeyer.com
1201 K Street, Suite 1960
Sacramento, California 95814
Ph:  916.884.0752

*Attorneys for Defendant San Francisco Federal Credit Union*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN OLIVER, an individual, | Case No. |
| Plaintiff, | **DEFENDANT SAN FRANCISCO FEDERAL CREDIT UNION'S NOTICE OF REMOVAL** |
| vs. | |
| SAN FRANCISCO FEDERAL CREDIT UNION; a federally-chartered credit union; LUENNA KIM, an individual; PATRICK COX, an individual; RICHARD FRATTARELLI, an individual; DAVID HUEBNER, an individual; BENJAMIN KURKO, an individual; WILLIAM LEE, an individual; MICHAEL LOPEZ, an individual; KRISTEN MADSEN, an individual; RAY SHAMS, an individual; WILLIAM SMITH, an individual; KATRINA WILLIAMS, an individual; and DOES 1 through 20, inclusive, | |
| Defendants. | State Court Action Filed:  February 14, 2025<br>Trial Date:                     TBD |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA:**

   **PLEASE TAKE NOTICE** that Defendant San Francisco Federal Credit Union

("SFFCU") by and through its counsel, hereby remove the above-captioned action from the San

Francisco County Superior Court of the State of California to the United States District Court for

the Northern District of California under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  This Court

1

has original subject matter jurisdiction over Plaintiff Jonathan Oliver's ("Plaintiff") lawsuit under 28 U.S.C. § 1332(a), because complete diversity of citizenship exists between Plaintiff and Defendants (i.e., Plaintiff is a Nevada citizen, whereas SFFCU is a federally-chartered credit union with its principal place of business in San Francisco, the individual defendants are all California citizens, and the amount in controversy pertaining to Plaintiff's claims exceeds $75,000.00, exclusive of costs and interests).

### COMPLAINT AND TIMELINESS OF REMOVAL

1.      This is an employment action brought by Jonathan Oliver ("Plaintiff" or "Mr. Oliver") in connection with Mr. Oliver's former employment with SFFCU. Through his Complaint, Plaintiff generally alleges he was terminated in retaliation for alleged complaints he made regarding the Defendant's Board's failure to comply with various National Credit Union Administration ("NCUA") rules and regulations. Additionally, Plaintiff claims that after Mr. Oliver's termination, Defendants defamed Mr. Oliver and prevented him from obtaining other employment.

2.      On February 14, 2025, Plaintiff, by and through his attorney, filed a civil action in the Superior Court of the State of California for the County of San Francisco, entitled *Jonathan Oliver v. San Francisco Federal Credit Union; a federally-charted credit union; Luenna Kim, an individual; Patrick Cox, an individual; Richard Frattarelli, an individual; Benjamin Kurko, an individual; William Lee, an individual; Michael Lopez, an individual; Kristen Madsen, an individual; Ray Shams, an individual; William Smith, an individual; Katrina Williams, an individual; and DOES 1 through 20, inclusive, Case No. CGC-25-622410.* (Declaration of Anthony Oceguera ("Oceguera Decl.", ¶ 2; **Exhibit A**).

3.      Plaintiff asserts claims against Defendant for: (1) Violation of Labor Code § 1102.5; (2) Defamation; (3) Violation of Labor Code §§ 1050 and 1052, et seq.; (4) Failure to Pay Wages Owed; (5) Violation of Labor Code §§ 201 and 203. (Oceguera Decl., ¶ 3; **Exhibit A**.)

4.      According to his Complaint, Plaintiff seeks damages including, but not limited to lost earnings and non-economic damages, attorneys' fees, cost of suit incurred, punitive damages, treble damages, and prejudgment interest. (Oceguera Decl., ¶ 4; **Exhibit A**.)

5.      Additional pleadings and Court issued documents include a Summons, Notice of Case Assignment and Notice of Hearing, and Proof of Service of Summons, establishing personal service of the Complaint on SFFCU on February 24, 2024. (Oceguera Decl., ¶¶ 5-7; **Exhibits B – D**.)

6.      Defendant SFFCU filed its Answer on March 26, 2025.   (Oceguera Decl. ¶ 8, **Exhibit E**.)

7.      Defendants Luenna Kim, Patrick Cox, Richard Frattarelli, David Hubner, Benjamin Kurko, William Lee, Michael Lopez, Kristen Madsen, Ray Shams, William Smith, and Katrina Williams filed separate Answers on or about March 25, 2025 and March 26, 2025. (Oceguera Decl. ¶ 9, **Exhibit F**.)

8.      To Defendant's knowledge, the documents attached as **Exhibits A - F** constitute all process, pleadings, and orders filed in the state court action. (Oceguera Decl., ¶ 10.)

### DIVERSITY JURISDICTION EXISTS

9.      The basis for removal is that this Court has original jurisdiction of this action under 28 U.S.C. §1332 and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(b), in that it is a civil action wherein the amount in controversy exceeds $75,000, exclusive of interests and costs, and is a civil action between citizens of different states such that complete diversity exists.

10.      Plaintiff is a citizen of Nevada. A natural person's state of citizenship is determined his state of domicile. (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).) "A person's domicile is [his] permanent home, where [s/he] resides with the intention to remain or to which [s/he] intends to return." *Id*. at 857. It is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Ayala v. Cox Auto*, No. CV 16-06341-GHK (ASx), 2016 U.S. Dist. LEXIS 153617, *10 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto. Ins. Co v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986)). Here, the Complaint alleges that "Plaintiff Jonathan Oliver ("Plaintiff") is currently a resident of the State of Nevada." (**Exhibit A** at ¶ 4.) Additionally, Plaintiff previously contacted Defendant Ray Shams on November 6, 2024,

O'HAGAN MEYER
ATTORNEYS & ADVISORS

and indicated that he had been residing in Nevada for almost six months, and provided a Nevada address for the mailing out of a SERP payout. Plaintiff did not indicate that he had any plans to move. (Declaration of Ray Shams ("Shams Decl."), ¶ 7.) Therefore, it is clear that for purposes of this lawsuit, Plaintiff is a citizen of Nevada.

11.     For diversity jurisdiction purposes, a corporation (including credit unions), is considered a citizen of both its state of incorporation and the state where it has its principal place of business. (*Hertz Corp. v. Friend*, 559 U.S. 77 (2010).)

12.     SFFCU was at the time of filing of this action, and still is, a federally chartered credit union with its principal place of business located at 770 Golden Gate Avenue, San Francisco, CA 94102. (Shams Decl., ¶ 3.) Therefore, SFFCU is a citizen of California.

13.     Individual Defendants Ray Shams, David Huebner, Kristen Madsen, Luenna Kim, Patrick Cox, Richard Frattarelli, Benjamin Kurko, William Lee, Michael Lopez, William Smith and Katrina Williams are all residents of California and no other state. (Sham Decl., ¶¶ 4-6.)

14.     Given that Defendants are citizens of California and Plaintiff is a citizen of Nevada, complete diversity between the parties exists.

### THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

15.     The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is predicated upon diversity of citizenship jurisdiction must exceed $75,000, exclusive of interest and costs.

16.     A defendant need only establish by a preponderance of the evidence that the plaintiff's claims exceed the jurisdictional minimum.  (*See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).)  In determining whether the jurisdictional minimum has been met, the Court should consider all recoverable damages, including compensatory damages, attorneys' fees, and statutory penalties.  (*See Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).)

17.     In measuring the amount in controversy, "a court must assume that the allegations of the complaint are true and that a jury [will] return[ ] a verdict for the plaintiff on all claims

made in the complaint." (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).) The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what Defendant will owe if Plaintiff prevails. (See *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.").)

18.     Plaintiff's Complaint asserts the following causes of action: (1) Violation of Labor Code § 1102.5; (2) Defamation; (3) Violation of Labor Code §§ 1050 and 1052, et seq.; (4) Failure to Pay Wages Owed; (5) Violation of Labor Code §§ 201 and 203. (Oceguera Decl., ¶ 3., **Exhibit A**).

19.     Defendant denies the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or penalties, it is readily apparent that Plaintiff's claims place into controversy an amount well in excess of $75,000.

20.     Plaintiff's Complaint seeks compensatory damages including, but not limited to lost earnings and non-economic damages, attorneys' fees, cost of suit incurred, punitive damages, treble damages, and prejudgment interest. (*Id*., ¶ 4.)

21.     During Plaintiff Jonathan Oliver's employment with Defendant, he was employed as the Chief Executive Officer, working in a full-time, exempt capacity with a base salary of $728,250 per year plus potential annual bonus of 30% of salary, totaling $946,400 per year). (Shams Decl., ¶ 8.) Plaintiff's Complaint does not state that Mr. Oliver has found new employment, and instead references that Defendant allegedly misrepresented "the circumstances of his departure knowing that it would injure Plaintiff and render it much more difficult, if not impossible, for him to obtain another job." (Oceguera Decl., **Exhibit A**, ¶ 53.) Based on a liberal interpretation of Plaintiff's Complaint, it appears that he has not found new employment and consequently, his lost wages from February 2024 through the present, and considering just his base salary (without taking into account bonuses), are $788,937.50 (13 months x $60,687.50 per month).

O'HAGAN MEYER
ATTORNEYS & ADVISORS

22.     In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia* 142 F.3d 1150, 1155-56 (9th Cir. 1998).  In fact, courts have held that such allegations alone are sufficient to satisfy the amount in controversy requirement.  (*See Egan v. Premier Scales & Sys.* (W.D. Ky. 2002) 237 F.Supp.2d 774, 776 (where plaintiff sought damages for embarrassment, humiliation, and willful, malicious, and outrageous conduct, the court held that the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement.").)

23.     Similar to compensatory damages, Plaintiff's claim for punitive damages is part of the amount in controversy when determining diversity jurisdiction.  *See Gibson v. Chrysler Corp.* (9th Cir. 2001) 261 F.3d 927, 945.  California juries have returned verdicts with substantial punitive damage awards in employment discrimination actions.  *See Simmons v. PCR Tech.* 209 F.Supp.2d 1029, 1033 (ND. Cal. 2002) ("the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"); *see also Aucina v. Amoco Oil Co.* 871 F. Supp. 332, 334 (SD. Iowa 1994) ("[b]ecause the purpose of punitive damages is to capture the defendant's attention and deter others from similar conduct, it is apparent that the plaintiff's claim for punitive damages alone might exceed [the] jurisdictional amount").  This confirms that the amount in controversy exceeds the jurisdictional minimum.

24.     Given all of this, there can be no doubt that the amount of controversy in this case is significantly higher than $75,000. Accordingly, Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

## ALL OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

25.     The Superior Court of California, County of San Francisco, is located within the territorial jurisdiction of the United States District Court for the Northern District of California. *See* 28 U.S.C. § 84(c)(2).  Venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

26.     The individual defendants, who are represented by Gary Lafayette of Sanders Roberts LLP, consent to this removal. (Oceguera Dec., ¶ 11.)

27.    If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

28.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter including, without limitation, the defenses of (1) lack of jurisdiction over a person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) failure to state a claim; or (6) any other procedural or substantive defense available under state or federal law.

29.    WHEREFORE, Defendant, in conformance with the requirements set forth in 28 U.S.C. §1446, has filed this Notice of Removal of this action from the aforesaid Superior Court, in which it is now pending, to the District Court of the United States, Northern District of California, a copy of which will be served upon Plaintiff.

DATED:  March 26, 2025                     **O'HAGAN MEYER**

By:    _____
       Anthony C. Oceguera
       Attorney for Defendant San Francisco Federal
       Credit Union

DEFENDANT SAN FRANCISCO FEDERAL CREDIT UNION'S NOTICE OF REMOVAL