R. Scott Erlewine (SBN 095106)
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA  94129
Telephone:  415-398-0900
Fax:          415-398-0911
Email: rse@phillaw.com

Attorneys for Plaintiff Jonathan Oliver

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN OLIVER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO FEDERAL CREDIT UNION, a federally-chartered credit union; LUENNA KIM, an individual; PATRICK COX, an individual; RICHARD FRATTARELLI, an individual; DAVID HUEBNER, an individual; BENJAMIN KURKO, an individual; WILLIAM LEE, an individual; MICHAEL LOPEZ, an individual; KIRSTIN MADSEN, an individual; RAY SHAMS, an individual; WILLIAM SMITH, an individual; KATRINA WILLIAMS, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 4:25-cv-02843-YGR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT SAN FRANCISCO FEDERAL CREDIT UNION'S MOTION TO REMAND**<br><br>Date: June 10, 2025<br>Time: 2:00 p.m.<br>Judge: Yvonne Gonzalez Rogers<br>Courtroom: 1, 4th Floor |

## I. INTRODUCTION

The forum defendant rule is a waivable procedural defect, which SFFCU waived and/or is estopped to assert by having removed this action. Accordingly, this motion is properly denied.

## II. ARGUMENT

Defendant San Francisco Federal Credit Union ("SFFCU") concedes there is diversity of citizenship jurisdiction in this case. Plaintiff is a citizen of the State of Nevada and defendants are all citizens of the State of California and the amount in controversy exceeds $75,000. (Motion for Remand, ECF #12, at p. 2, lines 11-15.)

The "forum defendant rule" is procedural in nature and therefore a waivable defect, which "cannot form the basis for a district court's *sua sponte* remand order." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 935–36 (9th Cir. 2006); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). As such, SFFCU has waived this procedural defect by having removed this action and cannot ask this Court to remand it.

Only the plaintiff – not the defendant - has the right to seek remand on a waivable defect. As the Court in *Lively* observed (at 940), "the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court." See also *The Rutter Group, Fed. Civ. Pro. Before Trial* Ch. 2D-10, § 2:3686 ("the 'forum defendant rule,' is . . . a waivable defect if *plaintiff* does not seek remand on that basis within 30 days of removal" [citing *Lively*] (emphasis added)."

Finally, although a removing defendant can later seek to remand where there is no original subject matter jurisdiction, a removing defendant is estopped from rescinding a removal where the court has jurisdiction. *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951); *Herrera v. Cnty. of Los Angeles,* No. CV0505813CASCTX, 2005 WL 2008194, at *1 (C.D. Cal. Aug. 18, 2005), citing *American Fire* that the "general rule is that a defendant who removes an action to federal court is estopped from thereafter rescinding the removal [but] such estoppel should not apply where there was no jurisdictional basis to support the removal." See also

*Gingerich v. White Pigeon Cmty. Sch.,* 736 F. Supp. 147, 151 (W.D. Mich. 1990) (same).[1] Here, the court has original diversity of citizenship jurisdiction, and SFFCU is therefore estopped to seek remand.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny SFFCU's Motion to Remand.

Dated: May 9, 2025                                   PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP


By: /s/ R. Scott Erlewine
        R. Scott Erlewine
        Attorney for Plaintiff Jonathan Oliver

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  (415) 398-0900

---

[1]  As an aside, we also note that the eleven individual defendants, all of whom joined in the removal (see Notice of Removal, ECF #1, ¶ 26), have not joined in filing this motion.  Indeed, they proceeded to file an anti-SLAPP motion (ECF ## 10, 13), further advantaging themselves of this court's jurisdiction on which discovery is proceeding (ECF # 23) and further estopping any efforts to remand.